IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Progressive Direct Insurance Company, | ) ) ) | Case No. 0:25-cv-12670-JDA |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **OPINION AND ORDER** |
| Mareisha Dye, Angela Simpson, Maurice Caldwell, Desmond McClurkin, | ) ) ) | |
| Defendants. | ) ) ) | |

This matter is before the Court on a consent motion for judgment on the pleadings by Plaintiff against Defendants Maurice Caldwell ("Caldwell") and Desmond McClurkin ("McClurkin") and on Plaintiff's motion for a default judgment against Defendants Mareisha Dye ("Mareisha") and Angela Simpson ("Simpson"). [Docs. 17; 19.] For the reasons stated herein, both motions are granted.

## BACKGROUND

**Underlying Facts**[1]

Plaintiff is an insurance company organized and existing pursuant to the laws of the State of Ohio, with its principal place of business in the State of Ohio. [Doc. 1 ¶ 1.] Plaintiff is authorized to transact business in the State of South Carolina, including writing and selling insurance policies. [*Id.*] Defendants are all citizens and residents of Chester County, South Carolina. [*Id.* ¶¶ 2–5.]

---

[1] This Underlying Facts section is taken directly from the facts alleged in the Complaint. [Doc. 1].

On December 1, 2021, Plaintiff issued an automobile insurance policy, Policy Number 953990022 (the "Policy") to Simpson.  [*Id.* ¶ 9.]  The Policy's declarations page (the "Declarations Page") reflects that the Policy was effective from December 1, 2021 to June 1, 2022, and insured two vehicles, a 2014 Nissan Maxima and a 2009 Honda Civic. [*Id.* ¶ 11.]

Root Insurance insured a 1998 Chevrolet Tahoe, VIN No. 1GNEC13R2WJ328611 (the "Vehicle"), under an insurance policy issued to Dye that provided $100,000 per person/$300,000 per accident bodily injury liability coverage with effective dates of March 19, 2022 to September 19, 2022.  [*Id.* ¶ 13.]  The Declarations Page reflects that the Policy provides $25,000 each person/$50,000 each accident bodily injury liability coverage, $25,000 each accident property damage coverage, $25,000 each person/$50,000 each accident uninsured motorist bodily injury coverage, and $25,000 each accident uninsured motorist property damage coverage.  [*Id.* ¶ 14.]

Simpson purportedly purchased the Vehicle on or about July 9, 2021.  [*Id.* ¶ 16.] She does not use the Vehicle, nor is it garaged at her residence.  [*Id.* ¶ 17.]  Rather, it is used and garaged primarily by Marquez Dye ("Marquez").  [*Id.* ¶ 18.]  Simpson is related to Marquez, but they did not reside together at the time the Policy was incepted or on the date of the accident underlying this action.  [*Id.* ¶ 19.]  Simpson obtained a loan for the Vehicle on Marquez's behalf because Marquez was unable to qualify for a loan.  [*Id.* ¶¶ 20–21.]  Simpson did not make loan payments on the Vehicle; Marquez did.  [*Id.* ¶¶ 22–23.]  In applying for the Policy, Simpson misrepresented to Plaintiff which vehicles she owned by omitting the Vehicle from her application.  [*Id.* ¶¶ 37, 39.]  Accordingly, the

2

Vehicle is not listed as an insured vehicle on the Policy.  [*Id.* ¶ 24.]  Marquez also is not listed as a driver and resident relative on the Policy.  [*Id.* ¶ 26.]

On March 30, 2022, there was a reported automobile accident in Chester County, South Carolina involving Mareisha operating the Vehicle—in which Caldwell was a passenger—and McClurkin (the "Accident").  [*Id.* ¶ 27.]  Mareisha is not listed as a driver and resident relative on the Policy.  [*Id.* ¶ 28.]  She also did not reside in the same household as Simpson on the date the Policy was issued or at the time of the Accident.  [*Id.* ¶ 29.]  It appears that Simpson has or will seek collision coverage under the Policy and that Simpson and/or Mareisha have or will seek indemnification and a defense under the Policy.  [*Id.* ¶¶ 30, 31.]  It also appears that Caldwell and McClurkin have or will make a claim for liability coverage under the Policy.  [*Id.* ¶ 32.]

**The Present Action**

Plaintiff filed this action on September 23, 2025.  [Doc. 1.]  In the Complaint, Plaintiff requests that the Court declare that the Policy was void at inception; that the Policy does not provide any coverage to Mareisha; Plaintiff has no duty to defend or indemnify Simpson or Mareisha for any claims arising out of the Accident; and the Policy does not provide any liability coverage to Caldwell or McClurkin arising out of the Accident.  [*Id.* ¶¶ 33–79.]

On November 20, 2025, Plaintiff filed proof of service as to each Defendant. [Docs. 5–8.]  On December 9, 2025, with Dye and Simpson not having responded to the Complaint, the Clerk entered default as to those two Defendants.  [Doc. 10.]  Caldwell and McClurkin filed an Answer on December 12, 2025, in which they "admit[ted] all of the allegations in Plaintiff's Complaint."  [Doc. 13.]

On January 22, 2026, Plaintiff filed a consent motion for judgment on the pleadings against Caldwell and McClurkin, and on January 27, 2026, Plaintiff filed a motion for default judgment against Mareisha and Simpson.  [Docs. 17; 19.]  The motions are now ripe for review.

## APPLICABLE LAW

**Default Judgment Standard**

Rule 55 of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).  "A court must have both subject matter and personal jurisdiction over a defaulting party before it can render a default judgment." *United States v. Clark*, No. 3:17-cv-03440-JMC, 2019 WL 1122933, at *1 (D.S.C. Mar. 12, 2019) (internal quotation marks omitted).

In considering a motion for default judgment, the court accepts as true all well pleaded factual allegations in the complaint not relating to the amount of damages.  *See* Fed. R. Civ. P. 8(b)(6).  The court then must "determine whether the well-pleaded allegations in the operative complaint support the relief sought." *Mey v. Phillips*, 71 F.4th 203, 223 (4th Cir. 2023) (cleaned up).  As a result, before entering default judgment, the court must "evaluate the plaintiff's complaint against the standards of Fed. R. Civ. P. 12(b)(6) to ensure that the complaint properly states a claim." *Rollins Ranches, LLC v. Watson*, No. 0:18-cv-03278-SAL, 2021 WL 5355650, at *3 (D.S.C. Nov. 17, 2021) (internal quotation marks omitted).

4

**Judgment on the Pleadings Standard**

Rule 12(c) permits a party to move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). In reviewing a motion for judgment on the pleadings, a court should "view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Pa. Nat'l Mut. Cas. Ins. v. Beach Mart, Inc.*, 932 F.3d 268, 274 (4th Cir. 2019) (internal quotation marks omitted). "Thus, [t]he court must accept all well pleaded factual allegations in the non-moving party's pleadings as true and reject all contravening assertions in the moving party's pleadings as false." *Integon Gen. Ins. v. Bartkowiak ex rel. Bartkowiak*, No. 7:09-cv-03045-JMC, 2010 WL 4156471, at *2 (D.S.C. Oct. 19, 2010) (alteration in original) (internal quotation marks omitted). A court should apply the same standard as a motion to dismiss for failure to state a claim under Rule 12(b)(6) and should grant a motion for judgment on the pleadings "only if the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." *Lewis v. Excel Mech., LLC*, No. 2:13-cv-281-PMD, 2013 WL 4585873, at *2 (D.S.C. Aug. 28, 2013) (internal quotation marks omitted); *see also Burbach Broad. Co. of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 405–06 (4th Cir. 2002) (noting that the standard applicable for motions made under Rule 12(c) is the same as for those made under Rule 12(b)(6)).

## **DISCUSSION**

The Court concludes that Plaintiff's well pleaded allegations, admitted by Caldwell and McClurkin, and accepted as true as to Mareisha and Simpson, demonstrate Plaintiff's entitlement to the declaratory relief sought.

5

**Plaintiff is Entitled to Rescind the Policy Based on Simpson's Misrepresentation**

First, Simpson's omission of the Vehicle from the insurance application she submitted to Progressive amounted to a misrepresentation that entitles Plaintiff to rescind the Policy.

The Policy contains the following language:

> This policy was issued in reliance upon the information provided on **your** insurance application.  **We** may void this policy at any time, including after the occurrence of an accident or loss, if **you**:
> 1. made incorrect statements or representations to **us** with regard to any material fact or circumstance;
> 2. concealed or misrepresented any material fact or circumstance; or
> 3. engaged in fraudulent conduct;
>
> at the time of application.  This means that **we** will not be liable for any claims to damages that would otherwise be covered unless **we** have certified this policy as proof of financial responsibility.  If **we** have certified this policy as proof of financial responsibility, nothing in this provision shall affect coverage under Part 1 – Liability To Others up to the minimum limit mandated by the motor vehicle financial responsibility law of South Carolina for an accident that occurs before **we** notify **you** that the policy is void.  If **we** void this policy, **you** must reimburse **us** if **we** make a payment.
>
> ***
>
> When **we** have not voided or reformed the policy, **we** may still deny coverage for an accident or loss if **you**, in connection with the policy application, in connection with any requested change, or at any time during the policy period, have concealed or misrepresented any material fact or circumstance or engaged in fraudulent conduct and that concealment, misrepresentation, or fraudulent conduct was material to a risk **we** assumed.
>
> **We** may deny coverage for an accident or loss if **you** or a person seeking coverage has concealed or misrepresented any material fact or circumstance, or engaged in fraudulent conduct, in connection with the presentation or settlement of a claim.  However, this shall not affect coverage under Part

6

> I—Liability To Others up to the minimum limit mandated by the motor vehicle financial responsibility law of South Carolina, for any injured person who has not knowingly concealed or misrepresented any material fact or circumstance.

[Doc. 1 ¶ 15 (internal quotation marks omitted).]

Each Defendant has admitted or is deemed by her default to have admitted that Simpson failed to disclose her ownership of the Vehicle on her application to Plaintiff for insurance.  Plaintiff is entitled under the language of the Policy to void the Policy on that basis.  [Docs. 1 ¶¶ 37, 39; 13.]  Accordingly, Plaintiff has no duty to defend or indemnify Simpson or Mareisha for any claims arising out of the Accident.

**Even if the Policy Were Not Void, It Would Not Provide Coverage**

The Policy provides, "If **you** pay the premium for this coverage, **we** will pay damages for **bodily injury** and **property damage** for which an **insured person** becomes legally responsible because of an accident."  [Doc. 1 ¶ 15.]  "**Insured person**" means:

> a.    **you**, a **relative**, or a **rated resident** with respect to an accident arising out of the ownership, maintenance or use of an **auto** or a **trailer**;
> b.    any person with respect to an accident arising out of that person's use of a **covered auto** with the permission of **you**, a **relative**, or a **rated resident**.

[*Id.* (internal quotation marks omitted).]

Based on the facts admitted by Caldwell and McClurkin and deemed admitted by Mareisha and Simpson, no "insured person" stands to become legally responsible for bodily injury and property damage because of the Accident.  Specifically, Mareisha, who

was driving the Vehicle, does not qualify as a relative of Simpson's or a rated resident.[2]

Nor does the Vehicle qualify as a "covered auto."[3]   Accordingly, the Policy does not

---

[2] "'**Relative**'" means a person residing in the same household as **you**, and related to **you** by blood, marriage or adoption, and includes a ward, stepchild, or foster child."  [Doc. 1 ¶ 15 (internal quotation marks omitted).]  "'**Rated resident**' means a person residing in the same household as **you** at the time of the loss who is not a **relative**, but only if that person is both . . . a. listed in the 'Drivers and household residents' section on the **declarations page**; and . . . b. not designated as either an 'Excluded' or a 'List Only' driver."  [*Id.* (internal quotation marks omitted).]  Mareisha was neither Simpson's relative, nor a rated resident of Simpson's because, as noted, Mareisha and Simpson did not reside at the same household, either at the inception of the Policy or at the time of the Accident.  [*Id.* ¶ 29.]

[3] "**Covered auto**" is defined under the Policy as:

> a. any **auto** or **trailer** shown on the **declarations page** for the coverages applicable to that **auto** or **trailer**;
> b. any **additional auto**;
> c. any **replacement auto**; or
> d. a **trailer** owned by **you**.

[Doc. 1 ¶ 15 (internal quotation marks omitted).]  "'**Additional auto**' means an **auto you** become the owner of during the policy period that does not permanently replace an **auto** shown on the **declarations page**," but only if:

> a. **we** insure all other **autos** you own;
> b. the **additional auto** is not covered by any other insurance policy;
> c. **you** notify us within 30 days of becoming the owner of the **additional auto**; and
> d. **you** pay any additional premium due. . . .

[*Id.* (internal quotation marks omitted).]  "'**Replacement auto**' means an **auto** that permanently replaces an **auto** shown on the **declarations page**.  A **replacement auto** will have the same coverage as the **auto** it replaces if the **replacement auto** is not covered by any other insurance policy."  [*Id.* (internal quotation marks omitted).]

The Vehicle was not shown on the Declarations Page.  [Doc. 1 ¶¶ 11, 24.]  It was not an "additional auto," among other reasons, because Simpson "purchased the Vehicle on or about July 9, 2021" and thus did not become the owner of the Vehicle during the policy period—"December 1, 2021 to June 1, 2022."  [*Id.* ¶¶ 11, 16.]  Because the Vehicle also did not qualify as a "replacement auto," it did not qualify as a "covered auto."

provide any liability coverage to Caldwell or McClurkin, and Plaintiff has no duty to defend or indemnify Simpson or Mareisha for any claims arising out of the Accident.

## CONCLUSION

In sum, for the reasons explained, Plaintiff's motion for judgment on the pleadings against Maurice Caldwell and Desmond McClurkin [Doc. 17] and Plaintiff's motion for default judgment [Doc. 19] against Mareisha Dye and Angela Simpson are both GRANTED. Accordingly, the Court declares that Plaintiff is entitled to rescind the Policy; that the Policy would not have provided any coverage for the alleged incident even if it were not rescinded; that the Policy does not provide any liability coverage to Caldwell or McClurkin; and that Plaintiff has no duty to defend or indemnify Simpson or Mareisha for any claims arising out of the Accident.

IT IS SO ORDERED.

s/Jacquelyn D. Austin
United States District Judge

May 7, 2026
Columbia, South Carolina